■ In the Matter of Varin's Ambulance Service, Respondent, v New York State Department of Health, Appellant. —Main, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered January 27, 1987 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Health finding petitioner in violation of Public Health Law article 30.

On August 7, 1985, petitioner transported a nursing home resident to a hospital in the City of Plattsburgh, Clinton County, for X rays of an arm injury. According to a nursing home staff member, the injury did not require immediate attention, and transportation by an ambulance was not necessary; however, due to the resident's advanced age and the fact that she was confined to bed, she required transportation to the hospital by stretcher. The vehicle in which the resident was transported had exterior ambulance markings, bore ambulance license plates and a sticker indicating that it had been inspected and approved as an ambulance for its prior owner. It is conceded that the vehicle was not properly equipped as an ambulance. Based on 20 various equipment violations, the Commissioner of Health imposed on petitioner

a civil penalty of $3,850. Petitioner contended that he was not operating the vehicle in question as an ambulance but as an invalid coach, not subject to regulation by respondent *(see,* Memorandum of Department of Health, 1981 NY Legis Ann, at 144). In this CPLR article 78 proceeding, Supreme Court found that the Commissioner's determination that petitioner was operating an ambulance was arbitrary and capricious, annulled the determination and ordered respondent to conduct a new hearing to establish whether ambulance service was required to transport the resident or whether petitioner violated any rules concerning the operation of an invalid coach.

Initially, we note that Supreme Court erred in ordering respondent to conduct a hearing as to whether petitioner violated any rules concerning the operation of an invalid coach. Following this court's decision in *Matter of Medicab v New York State Emergency Med. Servs. Council* (66 AD2d 111), the Legislature divested respondent of jurisdiction over invalid coach services (L 1981, ch 252). Accordingly, respondent lacks jurisdiction to determine the propriety of petitioner's operation of an invalid coach.

Moreover, we believe that Supreme Court erred in annulling the Commissioner's determination that the vehicle in question was an improperly equipped ambulance, as that determination is supported by substantial evidence. As noted above, the vehicle was marked as an ambulance, registered as an ambulance, bore ambulance license plates and was inspected as an ambulance. Although petitioner contended that he was operating the vehicle as an invalid coach, he produced no evidence showing that Department of Transportation inspectors had approved of the vehicle for that purpose before petitioner placed it into service, as is required for the operation of an invalid coach *(see,* 17 NYCRR 720.2). The status of a vehicle as either an ambulance or an invalid coach should not be determined with reference to the needs of a particular passenger being transported at any given time, especially in light of the fact that different State agencies are responsible for the regulation of each type of vehicle.

Finally, with respect to the civil penalty assessed against petitioner, we note that our review of a sanction imposed in an administrative action is limited, and we may interfere with the imposition of a sanction only where the punishment is so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 360). Here, we find the $1,000 fines imposed for three of the various

equipment violations to be disproportionate to the respective offenses and direct that they be reduced to $50 in each instance, leaving a total civil penalty of $1,000.

Judgment reversed, on the law, without costs; determination modified by reducing the fines imposed for charges (1) (b), (1) (e) and (1) (u) from $1,000 to $50, and, as so modified, confirmed. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.